## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TELE-CONS, INC. and<br>MICHAEL MOISIN | : | |
| **Plaintiff,** | : | |
| v. | : | Civ. A. No. 03-11250 RCL |
| | : | JURY TRIAL DEMANDED |
| WESTINGHOUSE LIGHTING<br>CORPORATION, et al. | : | |
| **Defendants.** | : | |

## ANSWER OF DEFENDANT
## WESTINGHOUSE LIGHTING CORPORATION

Defendant Westinghouse Lighting Corporation ("Westinghouse"), answers the complaint of Plaintiffs Tele-Cons, Inc. and Michael Moisin ("Plaintiffs") in accordance with the numbered paragraphs thereof, as follows:

1. Westinghouse admits that Plaintiffs have charged Westinghouse with patent infringement under the patent laws of the United States, namely 35 U.S.C. § 1, *et seq.* but denies that Plaintiffs are entitled to any relief under those statutes. Westinghouse also admits that Plaintiffs have invoked the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1338(a).

2. Admitted.

3. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, and, therefore, denies the same.

4. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and, therefore, denies the same.

5. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and, therefore, denies the same.

6. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and, therefore, denies the same.

7. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and, therefore, denies the same.

8. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and, therefore, denies the same.

9. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and, therefore, denies the same.

10. Westinghouse admits the allegations regarding its corporate identity, principal place of business and that it is doing business in this judicial district. Westinghouse denies that it has committed acts of infringement in this judicial district or elsewhere.

11. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and, therefore, denies the same.

12. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and, therefore, denies the same.

13. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and, therefore, denies the same.

14. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and, therefore, denies the same.

15. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and, therefore, denies the same.

16. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and, therefore, denies the same.

17. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and, therefore, denies the same.

## COUNT I

## (ALLEGED INFRINGEMENT OF U.S. PAT. 5,821,699)

18. Westinghouse here repeats its responses to paragraphs 1-17 of the Complaint as if the same were here set forth in full.

19. Westinghouse admits that Plaintiffs purport to bring a claim under the patent laws of the United States, 35 U.S.C. § 271 *et. Seq.*, but deny that Plaintiffs are entitled to any relief under those laws. Westinghouse denies the remaining allegations of paragraph 19.

20. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and, therefore, denies the same.

21 – 23. Denied as to the allegations against Westinghouse. As for the allegations against all other defendants, Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 21-23 of the Complaint, and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

Westinghouse hereby states the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

24. Tele-Cons, Inc. and Michael Moisin have failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

25.     Westinghouse does not infringe and has not infringed the U.S. Patent No. 5,821,699 either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

26.     The claims of the '699 patent are invalid under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and, more particularly, under 35 U.S.C. §§ 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE

27.     Tele-Cons, Inc. and Michael Moisin's infringement claims are barred in whole or in part by the doctrine of prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE

28.     Tele-Cons, Inc. and Michael Moisin's damage claims are barred by the doctrine of laches.

Westinghouse denies that Plaintiffs are entitled to any of the relief requested in their Complaint, or to any relief of any nature. Westinghouse denies each and every allegation and demand for relief not expressly admitted herein.

WHEREFORE, Westinghouse prays that this Court:

  A.     Dismiss the Complaint with prejudice;

  B. Enter judgment for Westinghouse and against Plaintiffs on their claim for patent infringement; and

  C. Grant such other relief as the Court may deem just and proper.

## COUNTERCLAIM

Westinghouse hereby counterclaims against Tele-Cons, Inc. and Michael Moisin for a declaratory judgment that U.S. Pat. No. 5,821,699 ("the '699 patent") is invalid, unenforceable, and not infringed by alleging as follows:

29. This is a counterclaim for declaratory judgment under 35 U.S.C. §§ 2201-2202, brought under 28 U.S.C. §§ 1331 and 1338 and under Rule 13 of the Federal Rules of Civil Procedure.

30. An actual controversy exists between Westinghouse and Tele-Cons, Inc. and Michael Moisin as to whether the '699 patent is invalid and not infringed by any Westinghouse product.

31. The claims of the '699 patent are invalid under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and, more particularly, under 35 U.S.C. §§ 102, 103, and 112.

32. Westinghouse does not infringe, and has not infringed, any claim of the '699 patent.

33. Westinghouse is entitled to a judgment that the claims of the '699 patent are invalid and that Westinghouse does not infringe any claim of the '699 patent.

## PRAYER FOR RELIEF

WHEREFORE, Westinghouse respectfully requests:

    A.    That the Court dismiss the complaint with prejudice;

    B.    That the Court enter judgment declaring the '699 patent invalid;

    C.    That the Court enter judgment declaring that Westinghouse does not infringe, and has not infringed, the '699 patent;

    D.    That the Court declare this an exceptional case under 35 U.S.C. § 285 and award Westinghouse its costs of this action, including reasonable attorney fees; and

    E.    That the Court award Westinghouse such additional relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Westinghouse demands a jury trial of all issues triable of right by a jury.

Respectfully submitted,

Dated: October 22, 2003

Joseph R. DelMaster, Jr. (PA 70761)
Wendelyn L. Pizer (DC 479372)
Houri Khalilian (DC 462312)
DRINKER BIDDLE & REATH LLP
1500 K Street NW
Washington, DC 20005
202-842-8879
202-842-8465 (facsimile)

Joel R. Leeman
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110-1618
617-443-9292
617-443-0004 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the following document(s):

**ANSWER of defendant Westinghouse Lighting Corporation**

was(were) served on counsel for Tele-Cons, Inc. and Michael Moisin, Paul J. Hayes, Esq., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, via first class mail on the date shown below.

Date: 10/22/03                    _[signature]_