UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TELE-CONS, INC. and<br>MICHAEL MOISIN<br><br>          Plaintiffs<br>v.<br><br>HARMONY LIGHTING, INC.,<br>LIGHTS OF AMERICA, INC.,<br>FEIT ELECTRIC COMPANY, INC.,<br>TECHNICAL CONSUMER PRODUCTS, INC.,<br>S K AMERICA, INC. d/b/a MAXLITE,<br>WESTINGHOUSE LIGHTING CORP.,<br>GREENLITE LIGHTING CORP.,<br>HELIX LIGHTING CORP.,<br>BULBRITE INDUSTRIES, INC.,<br>AURIO LIGHTING, INC., and<br>AMERICAN TOP LIGHTING, INC.<br><br>          Defendant | Civil Action No. 03-11250-RCL |

## ANSWER OF GREENLITE LIGHTING CORP.

The defendant Greenlite Lighting Corp. (Greenlite) responds to the allegations in the Amended Complaint as follows:

1. Paragraph 1 states a legal conclusion to which no response is necessary.

2. Paragraph 2 states a legal conclusion to which no response is necessary.

3. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3.

4. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

5. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

6. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

7. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

8. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8.

9. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

10. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.

11. Greenlite admits that is a Canadian corporation having a regular and established place of business at 10 Corporate Park, Suite 100, Irvine, California 92606. The remaining allegations set forth in Paragraph 11 are denied.

12. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

13. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

14. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

15. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

16. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

17. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

18. Greenlite repeats its responses to Paragraphs 1 through 17 as if set forth herein.

19. Paragraph 19 states a legal conclusion to which no response is necessary.

20. Greenlite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20.

21. To the extent Paragraph 21 refers to Greenlite, that paragraph is denied. To the extent Paragraph 21 refers to the remaining defendants, Greenlite is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 21.

22. To the extent Paragraph 22 refers to Greenlite, that paragraph is denied. To the extent Paragraph 22 refers to the remaining defendants, Greenlite is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 22.

23. To the extent Paragraph 23 refers to Greenlite, that paragraph is denied. To the extent Paragraph 23 refers to the remaining defendants, Greenlite is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 23.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Greenlite does not infringe and has not infringed U.S. Patent No. 5,821,699 ("the '699 patent") either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

The claims of the '699 patent are invalid under the patent laws of the United States and, more particularly, under 35 U.S.C. §§ 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

Tele-Cons, Inc. and Michael Moisin's infringement claims are barred in whole or in part by the doctrine of prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Tele-Cons, Inc. and Michael Moisin's damage claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The '699 patent is invalid and unenforceable under 35 U.S.C. §102(a), (b), and/or (g).

## SIXTH AFFIRMATIVE DEFENSE

The '699 patent is invalid under 35 U.S.C. §103 because the subject matter of its claims was obvious to one skilled in the art at the time that the claimed inventions were allegedly made.

## SEVENTH AFFIRMATIVE DEFENSE

The '699 patent is invalid for not complying with 35 U.S.C. §112, because the specification for this patent does not contain full, clear, and exact written descriptions of all the elements of the claimed invention, and because the purported invention is not claimed with definiteness.

## COUNTERCLAIM

Greenlite hereby counterclaims against Tele-Cons, Inc. and Michael Moisin for a declaratory judgment that the '699 patent is invalid, unenforceable, and not infringed by alleging as follows:

1.  This is a counterclaim for declaratory judgment under 35 U.S.C. §§ 2201-2202, brought under 28 U.S.C. §§ 1331 and 1338 and under Rule 13 of the Federal Rules of Civil Procedure.

2.  An actual controversy exists between Greenlite and Tele-Cons, Inc. and Michael Moisin as to whether the '699 patent is valid and not infringed by any Greenlite product.

3.  The claims of the '699 patent are invalid under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and, more particularly, under 35 U.S.C. §§ 102, 103, and/or 112.

4.  Greenlite does not infringe, and has not infringed, any claim of the '699 patent.

5.  Greenlite is entitled to a judgment that the claims of the '699 patent are invalid and that Greenlite does not infringe any claim of the '699 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Greenlite respectfully requests:

A.  That the Court dismiss the Complaint without prejudice;

B.  That the Court enter judgment declaring the '699 patent invalid;

C.  That the Court enter judgment declaring that Greenlite does not infringe, and has not infringed, the '699 patent;

D.   That the Court declare this an exceptional case under 35 U.S.C. § 285 and award Greenlite its costs of this action, including reasonable attorney fees; and

E.   That the Court award Greenlite such additional relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Greenlite demands a jury trial of all issues triable of right by a jury.

Dated: November 10, 2003

Lee Carl Bromberg BBO# 058480
Joel R. Leeman BBO# 292070
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
(617) 443-9292

Roger N. Behle, Jr.
Marisa D. Poulos
Behle Law Corporation
535 Anton Boulevard, Suite 1150
Costa Mesa, California 92626-1947
(714) 556-1700

## CERTIFICATE OF SERVICE

I certify that I served this document on the above date upon the parties who have appeared to date by mailing a copy to the attorney of record for plaintiff, Eugene A. Feher, Esq., Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., One Financial Center, Boston, MA 02111; for defendant Westinghouse Corp., to Joseph R. Delmaster, Esq., Drinker Biddle & Reath LLP, 1500 K Street, N.W., Washington, D.C. 20005-1209; for defendant Harmony Lighting, Inc., Joshua C. Krumholz, Esq., Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116; for defendants Philips Electronics North America Corp. and Philips Lighting Co., Lawrence R. Robbins, Esq., Finnegan, Henderson, Farabow, Garrett & Dunner LLP, 55 Cambridge Parkway, Cambridge, MA 02142; for defendant Lights of America, Inc., Michael J. Stone, Esq., Posternak, Blankenstein & Lund, 100 Charles River Plaza, Boston, MA 02114-2794; and for defendant SK America, Inc., David E. Lurie, Esq., Lurie & Krupp LLP, One McKinley Square, Boston, MA 02109.

Joel R. Leeman

00001/00001  279360.1