UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
TELE-CONS, INC. and                     )
MICHAEL MOISIN,                         )
                                        )
            Plaintiffs                  )
                                        )
v.                                      )   Civil Action No. 03-11250 RCL
                                        )
HARMONY LIGHTING, INC.,                 )
LIGHTS OF AMERICA, INC.,                )
FEIT ELECTRIC COMPANY, INC.,            )
TECHNICAL CONSUMER PRODUCTS, INC.,      )
S K AMERICA, INC. d/b/a MAXLITE,        )
WESTINGHOUSE LIGHTING CORPORATION,      )
GREENLITE LIGHTING CORP.,               )
HELIX LIGHTING CORP.,                   )
BULBRITE INDUSTRIES, INC.,              )
AURIO LIGHTING, INC.,                   )
AMERICAN TOP LIGHTING, INC.,            )
PHILIPS LIGHTING COMPANY and            )
PHILIPS ELECTRONICS NORTH AMERICA       )
CORPORATION,                            )
                                        )
            Defendants                  )
_____)

**ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL**
**OF DEFENDANT FEIT ELECTRIC COMPANY, INC.**

**ANSWER**

Feit Electric Company, Inc. ("Feit") answers the amended complaint of Tele-Cons, Inc. ("Tele-Cons") and Michael Moisin ("Moisin") as follows:

The unnumbered introductory paragraph to the amended complaint requires no response.

1. Feit admits that this action is styled as one for patent infringement and that this Court has subject matter jurisdiction over this action under 35 U.S.C. §§ 1331 and 1338(a).

2. Admitted.

3. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 3.

4. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 4.

5. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 5.

6. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 6.

7. Feit admits that it is a California corporation having a principal place of business at 4901 Gregg Road, Pico Rivera, California 90660, and that it does business. Feit denies the remaining allegations in paragraph no. 7.

8. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 8.

9. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 9.

10. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 10.

11. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 11.

12. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 12.

13. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 13.

14. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 14.

15. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 15.

16. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 16.

17. Feit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 17.

18. Feit incorporates its responses to paragraphs 1-17 by reference as if the same were fully set forth herein.

19. Feit admits that this action is styled as one for patent infringement.

20. Feit admits that, on its face, United States Patent No. 5,821,699 (the "'699 patent") indicates an issue date of October 13, 1998, and is entitled "Ballast Circuit for Fluorescent Lamps." Upon information and belief, Feit denies the allegation that the '699 patent was duly and legally issued. Feit is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph no. 20.

21. Insofar as the allegations in paragraph no. 21 pertain to Feit, Feit denies such allegations. Insofar as the allegations in paragraph no. 21 pertain to other defendants, Feit is without knowledge or information sufficient to form a belief as to the truth of such allegations.

22. Insofar as the allegations in paragraph no. 22 pertain to Feit, Feit denies such allegations. Insofar as the allegations in paragraph no. 22 pertain to other defendants, Feit is without knowledge or information sufficient to form a belief as to the truth of such allegations.

23. Insofar as the allegations in paragraph no. 23 pertain to Feit, Feit denies such allegations. Insofar as the allegations in paragraph no. 23 pertain to other defendants, Feit is without knowledge or information sufficient to form a belief as to the truth of such allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

24. Feit has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any claim of the '699 patent.

### SECOND AFFIRMATIVE DEFENSE

25. The '699 patent is invalid because it does not satisfy one or more of the legal standards for patentability statutorily mandated by Title 35, United States Code, including in particular Sections 101, 102, 103 and/or 112 thereof.

### THIRD AFFIRMATIVE DEFENSE

26. Upon information and belief, the plaintiffs' claims are barred by laches.

### FOURTH AFFIRMATIVE DEFENSE

27. The plaintiffs' claims are barred, in whole or in part, by the doctrine of prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE

28. The plaintiffs' amended complaint fails to state a claim on which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

29. Any damages are limited in time by 35 U.S.C. § 286.

WHEREFORE, defendant Feit prays for judgment in its favor and against plaintiffs Tele-Cons and Moisin for its fees, costs and expenses, and for such other relief as the Court deems just and proper.

## COUNTERCLAIM

For its Counterclaim against Tele-Cons and Moisin, Feit states as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over Feit's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 2201, and Fed. R. Civ. P. 13. Tele-Cons and Moisin have submitted to the personal jurisdiction of this Court.

2. Tele-Cons and Moisin allege that they are the owners of the '699 patent.

3. Based on Tele-Cons and Moisin's amended complaint against Feit, and Feit's answer thereto, there is an actual, justiciable controversy between Feit, on the one hand, and Tele-Cons and Moisin, on the other hand, concerning the '699 patent.

## STATEMENT OF CLAIMS

### COUNT I – DECLARATION OF NON-INFRINGEMENT OF THE '699 PATENT

4. Feit repeats and incorporates by reference the averments contained in paragraphs 1 through 3 as if the same were fully and separately set forth herein.

5. Feit has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any claim of the '699 patent.

### COUNT II – DECLARATION OF INVALIDITY OF THE '699 PATENT

6. Feit repeats and incorporates by reference the averments contained in paragraphs 1 through 5 as if the same were fully and separately set forth herein.

7. The '699 patent is invalid because it does not comply with one or more of the legal standards for patentability statutorily mandated by Title 35 United States Code, including in particular §§ 101, 102, 103 and/or 112 thereof.

WHEREFORE, Feit prays that the Court:

A. Enter judgment in favor of Feit and against Tele-Cons and Moisin, and dismissing Tele-Cons and Moisin's amended complaint with prejudice;

B. Declare that the '699 patent is invalid;

C. Declare that Feit has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any claim of the '699 patent;

E. Preliminarily and permanently enjoin Tele-Cons, Moisin, and their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from asserting or threatening to assert any charge of infringement of the '699 patent against customers or potential customers of Feit;

F. Preliminarily and permanently enjoin Tele-Cons, Moisin, and their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from filing or prosecuting any civil action or actions for alleged infringement of the '699 patent against Feit's customers;

G. Award to Feit its costs and attorney fees pursuant to 35 U.S.C. § 285 and all other applicable laws, in an amount to be determined at trial; and

H. Grant to Feit such further necessary or proper relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Defendant/counterclaim-plaintiff Feit demands a jury trial on all issues so triable.

> FEIT ELECTRIC COMPANY, INC.,
>
> By its attorney,
>
> /s/ Anthony J. Fitzpatrick
> Anthony J. Fitzpatrick (BBO # 564324)
> Duane Morris LLP
> 470 Atlantic Avenue
> Boston, MA 02210
> (617) 289-9200
> ajfitzpatrick@duanemorris.com

January 4, 2005

BOS\115779.1