UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TELE-CONS, INC., et al. | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 03-11250-LTS |
| FEIT ELECTRIC CO., INC. et al., | ) | |
| Defendants. | ) | |

ORDER ON MOTION TO ENFORCE SETTLEMENT

November 9, 2011

SOROKIN, M.J.

The Defendant, Feit Electric Company, Inc., seeks to enforce a March, 2009, Settlement Agreement it formed with Plaintiffs Michael Moisin and Tele-Cons, Inc., which resulted in the dismissal of this patent infringement action. Docket # 208.

This dismissed action relates to Tele-Cons's '699 patent concerning "three-way" compact fluorescent lamp ("CFL") light bulbs. In September, 2010, Tele-Cons sued Feit (and others) for infringement of Tele-Cons's '841 patent, in Michael Moisin & Tele-Cons, Inc. v. General Electric Co., Case No. 6:10-CV-451, presently pending in the United States District Court for the Eastern District of Texas. That suit concerns dimmable CFLs and ballast circuits for such lamps – i.e., products different from the products which gave rise to the infringement allegations in the lawsuit the Parties previously settled in this district. Feit made or sold the dimmable CFLs and

ballast circuits at issue in the Texas litigation both before and after the Parties settled the Massachusetts litigation. Feit contends that the release it obtained in settling the District of Massachusetts litigation bars the suit now pending in Texas.

The Parties dispute whether or not the Court incorporated the Settlement Agreement into the Stipulation of Dismissal filed by the Parties such that the Agreement became an Order of the Court sufficient to support the Court's jurisdiction to enforce the order. The Court need not resolve this dispute, however, because diversity of citizenship provides a separate basis for the Court's jurisdiction. The Parties are diverse and the amount in controversy in Tele-Cons's claims against Feit in Texas exceeds $75,000. Thus the jurisdictional requirements are satisfied here for purposes of an action to enforce the settlement agreement. See D.S. Atkinson v. Lutin Cent. Servs. Co., 1994 WL 722864, at *1 (1st Cir. 1994); Wang Labs. v. Applied Computer Scis., 741 F. Supp. 992, 996 (D. Mass.1990) (Young, J.), rev'd on other grounds, 958 F.2d 355 (Fed. Cir.1992).

Deferring resolution of Feit's claim to the federal court in Texas is neither warranted nor appropriate.[1] Resolution of the matter does not require consideration of any aspect of the '841 patent or of the substance of the litigation in Texas. Accordingly, the Court rejects Tele-Cons's suggestion that it decline to exercise jurisdiction.

---

[1] Chief Justice Marshall famously cautioned: "It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should . . . We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." See Marshall v. Marshall, 547 U.S. 293, 298 (2006) (quoting Cohens v. Virginia, 6 Wheat. 264, 404, 5 L.Ed. 257 (1821)).

Section 3.2 of the Agreement provides:

> Each of Tele-Cons and Feit Electric, on behalf of itself and its agents, employees, officers, directors, shareholders, predecessors, successors, assigns, affiliates, parents, subsidiaries, independent contractors, partners, and insurers, does hereby remise, release and forever discharge the other and its agents, employees, officers, directors, shareholders, predecessors, successors, assigns, affiliates, parents, subsidiaries, independent contractors, partners, and insurers, manufacturers, customers and distributors of and from all demands, claims and suits of any kind whatsoever, whether matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, which either party had or currently has, including but not limited to those arising from or relating to alleged past infringement of the '699 patent, the Accused Products, this Action and/or any of the issues or events relating to this Action, including the claims, defenses and/or counterclaims asserted or capable of being asserted in this Action; provided, however, that expressly excluded from the operation and effect of this release are the obligations evidenced by this Agreement. This Release shall extend to and include all past and current 3-way compact fluorescent lamp products made, used, sold, offered for sale or imported by or for Feit Electric as of the Effective Date of this Agreement.

Docket # 211-7 at 6-7.

This language constitutes a general release.  See Eck v. Godbout, 444 Mass. 724, 728-32 (2005).  The language is sweeping.  The parties release, "all demands, claims and suits of any kind whatsoever . . . which either party previously had or currently has, including but not limited to . . . ."  Put another way, despite the presence of language in the release (and elsewhere in the Settlement Agreement) specifically referencing the '699 patent, the release was not limited to the case then pending in this Court.  Thus, the release bars the Texas litigation insofar as it arises from infringements occurring on or before the date of the settlement agreement.

Feit also contends that Tele-Cons released not only the alleged infringement of the '841 patent from a dimmable bulb manufactured prior to March 6, 2009, but also from alleged infringement of the same dimmable bulbs manufactured after March 6, 2009.  Both the law regarding the construction of settlement agreements and the terms of the agreement support

3

Feit's position.

First, the law. The Federal Circuit ruled in Augustine Medical v. Progressive Dynamics, 194 F.3d 1367 (Fed. Cir. 1999), that "[w]hile issues of patent infringement do give rise to individual causes of action, those individual causes of action cannot override the unambiguous language of a Settlement Agreement that releases all possible future claims related to the matters settled by the agreement." Id. at 1372. The Federal Circuit determined that "it is the burden of the parties entering into a settlement agreement to expressly reserve in the agreement any rights that they wish to maintain beyond the date of the settlement of the agreement." Id. at 1373. In so doing, the Federal Circuit was applying the principle enunciated by the Supreme Court in United States v. William Cramp & Sons Ship & Engine Building Co., 206 U.S. 118 (1907), that general language "indicates an intent to make an ending of every matter arising under or by virtue of the contract." Id. (quoting Cramp 206 U.S. at 128). The Plaintiff has not met the burden described by the Federal Circuit. Nowhere within the general release (or at any place in the agreement) does Plaintiff expressly reserve the claims it presses in the Texas litigation.

Second, the terms of the Agreement settle a category of future claims that encompasses the Texas litigation. The Augustine agreement released actions that Augustine or its owners "have, have had, or may have." The Federal Circuit determined that the "phrase 'may have' is necessarily future-oriented" because "it implies a future possibility of Augustine having a claim." Id. at 1371 (emphasis in original). This language released, under the Augustine agreement, claims "related to" actions taken before the settlement agreement. Thus, the Federal Circuit ruled that the release barred claims of post-settlement infringement which arose from products that were also sold in materially identical form prior to the Agreement even though the

manufacture of an additional blanket, post-settlement, by the defendant in Augustine gave rise to a new cause of action for patent infringement.  Id.

The operative language in the present settlement agreement is "had or currently has." Ordinarily, this language would not suggest a future orientation, see, e.g. Pearson v. Quickturn Design Systems, 1998 WL 34607 at * 5 (N.D. Cal. Jan. 23, 1998), however, the Agreement contains additional language which broadens the reach of these words.   Under the Agreement, Plaintiff released Defendant:

> from all demands, claims and suits of any kind whatsoever, whether matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, which either party had or current has, including but not limited to those arising from or relating to . . . any of the issues or events relating to . . . the claims, defenses and/or counterclaims asserted or capable of being asserted in this Action.

Docket #211-7 at 6-7.

Thus, the Plaintiff released Feit from unknown, unforeseen, unaccrued and/or unmatured claims that it "had or currently has" which includes claims that relate to claims Plaintiff was capable of asserting in the Massachusetts litigation.   The patent infringement claims pending in Texas are precisely such claims.  Although the post-settlement infringement claims in Texas were not capable of being asserted in this action as they arose after the settlement, these claims "relate to" claims Plaintiff was capable of asserting – the claims for infringement of the same (or materially the same) products that Feit was already manufacturing and selling at the time of the settlement agreement.

Accordingly, the March, 2009, Settlement Agreement bars Tele-Cons's claims in Texas.

The Motion to Enforce Settlement Agreement (Docket # 208) is ALLOWED.[2]

                              SO ORDERED,

                              /s/ Leo T. Sorokin
                              Leo T. Sorokin
                              United States Magistrate Judge

---

[2] Because Tele-Cons and Feit consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636, I have entered an Order without consideration of whether the motion Feit filed is a "dispositive" or "non-dispositive" motion.